IN THE UNTIED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 10-cv-02002-RPM

AMALGAMATED TRANSIT UNION, LOCAL 19,

    Plaintiff,

v.

FIRST TRANSIT, INC.,

    Defendant and Third Party Plaintiff,

v.

CITY OF COLORADO SPRINGS,

    Third Party Defendant.

## ORDER FOR REMAND

Amalgamated Transit Union, Local 19 ("the Plaintiff") filed this action in the District Court for the City and County of Denver, alleging that First Transit, Inc. ("First Transit") breached the agreement attached as Exhibit A to the complaint. The agreement, dated March 3, 1981, is entitled "Agreement pursuant to Section 13(c) of the Urban Mass Transportation Act of 1964, as amended."

The Urban Mass Transit Act of 1964 ("UMTA") governs the financial relationship between the Department of Labor and state transit authorities. *See Burke v. Utah Transit Authority*, 462 F.3d 1253, 1258 (10th Cir. 2006). Section 13(c) of the Act requires certain labor protective provisions as a prerequisite to federal aid to a public transit authority.

The Plaintiff alleges that First Transit operates a public transit system pursuant to a contract with the City of Colorado Springs ("the City") and is a party to the Section 13(c) Agreement between the Plaintiff and the City. (Comp. ¶¶ 5-10.) The Section 13(c) agreement contains an arbitration provision. The only claim for relief alleged is for an order compelling arbitration of an underlying labor dispute.

First Transit removed the action, alleging jurisdiction provided by 28 U.S.C. § 1331 (federal question) and § 1332 (diversity of citizenship). First Transit cites Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a) to support the allegation of federal question jurisdiction. In support of diversity jurisdiction, First Transit states it is a private corporation, incorporated in the State of Delaware, with its principal place of business in Ohio, and the Plaintiff is an unincorporated association, headquartered in El Paso County, Colorado, with members residing in the State of Colorado.

In its answer to the complaint First Transit denied the Plaintiffs' claim and counterclaimed for declarations that (1) First Transit has no contractual obligation to comply with the Section 13(c) Agreement; (2) the Plaintiff lacks standing to enforce the Section 13(c) Agreement; (3) the underlying labor dispute is not arbitrable, and (4) the Plaintiff's claim is within the primary jurisdiction of the NLRB.

First Transit also filed a third party complaint against the City, alleging that the City is contractually obligated to indemnify First Transit for any liability and costs arising out of the Plaintiff's claim against First Transit.

The City moved to remand, arguing that federal question jurisdiction is unavailable because a claim of breach of a Section 13(c) agreement does not present a federal question. The

City asserts that it is an indispensable party whose Colorado citizenship defeats complete diversity.  First Transit opposed the motion to remand.  The Plaintiff does not object to remand.

The court heard arguments on February 14, 2012.  The motion to remand is granted because this court does not have jurisdiction.

A suit complaining of breach of a Section 13 agreement cannot be brought in federal court. *Jackson Transit Authority v. Local Division 1285, Amalgamated Transit Union*, 457 U.S. 15 (1982).  The holding of *Jackson Transit* is not avoided by reference to section 301 of the Labor Management Relations Act.  *Amalgamated Transit Union v. American Transit Corp.*, Case No. A-89-CA-187, 1989 WL 229397 (W.D. Tex. 1989).

Complete diversity of citizenship exists between the Plaintiff and First Transit.  Although the Plaintiff did not join the City as a defendant in this action, it is apparent that any judicial determination regarding the enforceability of the arbitration provision affects the City's rights and interests as a party to the Section 13(c) Agreement.  The City is an indispensable party that must be joined under Fed.R.Civ.P. 19(a) and must be realigned as an additional defendant.

Accordingly, it is

ORDERED that the motion to remand is granted.  This action is remanded to the District Court for the City and County of Denver, Colorado.

Date:   February 14, 2012        BY THE COURT:

s/Richard P. Matsch

Richard P. Matsch, Senior District Judge